**RECORD NO. 14-4322**

In The

# United States Court Of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

**v.**

**ERNEST JOSHON WRIGHT,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT GREENVILLE**

_____

**BRIEF OF APPELLANT**
_____

**John Keating Wiles**
**CHESHIRE, PARKER, SCHNEIDER
   & BRYAN, PLLC**
**133 Fayetteville Street**
**P.O. Box 1029**
**Raleigh, NC 27602**
**(919) 833-3114**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC

421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219

804-249-7770 ♦ www.gibsonmoore.net

## TABLE OF CONTENTS

Page:

TABLE OF AUTHORITIES ................................................................................. ii

JURISDICTIONAL STATEMENT ....................................................................... 1

STATEMENT OF THE ISSUE .............................................................................. 1

NATURE OF BRIEF .............................................................................................. 1

STATEMENT OF THE CASE ............................................................................... 2

      Statement of the Facts .................................................................................. 3

SUMMARY OF ARGUMENT .............................................................................. 7

ARGUMENT .......................................................................................................... 8

      WHERE MR. WRIGHT HAD BEEN SHOT "MANY TIMES" AND STABBED, THE DISTRICT COURT ERRED BY CHARACTERIZING HIM AS "A VERY DANGEROUS PERSON," DENYING HIS REQUEST FOR A SENTENCE OF 48 MONTHS IMPRISONMENT, AND SENTENCING HIM AT THE TOP OF HIS GUIDELINE RANGE TO A TERM OF 78 MONTHS IMPRISONMENT. ................................................................................. 8

      A.    Standard of Review .............................................................................. 8

      B.    Discussion ............................................................................................. 9

CONCLUSION ..................................................................................................... 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

*Anders v. California,*
      386 U.S. 738 (1967)......................................................................................1, 9

*Rita v. United States,*
      551 U.S. 338 (2007).........................................................................................8

*United States v. Blick,*
      408 F.3d 162 (4th Cir. 2005) ........................................................................8, 9

*United States v. Booker,*
      543 U.S. 220 (2005).........................................................................................8

*United States v. Cameron,*
      573 F.3d 179 (4th Cir. 2009) ...........................................................................8

*United States v. Olano,*
      507 U.S. 725 (1993).........................................................................................9

**STATUTES:**

18 U.S.C. § 16................................................................................................... 10

18 U.S.C. § 922(g) .............................................................................................. 1

18 U.S.C. § 922(g)(1) ......................................................................................... 2

18 U.S.C. § 922(o) ........................................................................................... 1, 2

18 U.S.C. § 924 ................................................................................................ 1, 2

18 U.S.C. § 924(a)(2)......................................................................................... 2

18 U.S.C. § 924(c)(1)(A) ................................................................................ 1, 2

18 U.S.C. § 3231 ............................................................................................... 1

18 U.S.C. § 3553 ............................................................................................... 7

18 U.S.C. § 3553(a) ...................................................................................... 5, 8

18 U.S.C. § 3742(a) ...................................................................................... 1, 8

21 U.S.C. § 841(a)(1) .................................................................................... 1, 2

21 U.S.C. § 846. ............................................................................................ 1, 2

26 U.S.C. § 5845(a) ......................................................................................... 10

28 U.S.C. § 1291 ............................................................................................... 1

**RULE:**

Fed. R. Crim. P. 52(b) ....................................................................................... 9

**SENTENCING GUIDELINES:**

U.S.S.G. § 2K2.1 ............................................................................................... 5

U.S.S.G. § 2K2.1(b)(5) ..................................................................................... 5

U.S.S.G. §§ 3D1.1-1.5 ...................................................................................... 5

U.S.S.G. § 4A1.1(a) .......................................................................................... 4

U.S.S.G. § 4A1.2(c)(1) ..................................................................................... 5

U.S.S.G. § 4A1.2(c)(2) ..................................................................................... 5

U.S.S.G. § 4A1.2(e)(4) ..................................................................................... 4

U.S.S.G. § 4B1.2 ............................................................................................. 10

U.S.S.G. § 5H1.3 ............................................................................................... 5

# JURISDICTIONAL STATEMENT

The Defendant was charged on November 28, 2012, in a ten count indictment, levying one count of violating 21 U.S.C. § 846 (Count 1); six counts of violating 21 U.S.C. § 841(a)(1) (Counts 2-7); one count of violating 18 U.S.C. § 924(c)(1)(A) (Count 8); one count of violating 18 U.S.C. § 922(g) and 924 (Count 9); and one count of violating 18 U.S.C. § 922(o) and 924 (Count 10), the district court having jurisdiction under 18 U.S.C. § 3231.  He pled guilty before the Honorable Robert B. Jones, Jr., U.S. Magistrate Judge (E.D.N.C), on March 13, 2013, and U.S. District Judge Louise W. Flanagan sentenced him on April 8, 2014. On April 21, 2014, the Defendant gave notice of appeal, and this Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

# STATEMENT OF THE ISSUE

**Where Mr. Wright had been shot "many times" and stabbed, the district court erred by characterizing him as "a very dangerous person," denying his request for a sentence of 48 months imprisonment, and sentencing him at the top of his guideline range to a term of 78 months imprisonment.**

# NATURE OF THE BRIEF

This brief is submitted pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Counsel for Ernest Joshon Wright has carefully reviewed the record and has concluded that there are no meritorious grounds for appeal.  Counsel has set

1

forth below the only argument that he perceives presents an arguable basis for relief.

## STATEMENT OF THE CASE

This is an appeal by the Defendant, Ernest Joshon Wright, from the district court's judgment of March 13, 2014. (DE-51) The judgment appealed from arose from the following proceedings below.

On November 28, 2012, the grand jury charged Mr. Wright with one count of conspiracy to distribute and possess with the intent to distribute cocaine, oxycodone, methadone, and marijuana, 21 U.S.C. § 846; six counts of distribution of various controlled substances (cocaine, marijuana, oxycodone, and methadone), 21 U.S.C. § 841(a)(1); one count of possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A); one count of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924; and one count of possession of a machinegun, 18 U.S.C. § 922(o) and 924(a)(2). (DE-1) Pursuant to a plea agreement (DE-24), he pled guilty to the drug conspiracy charge and the felon in possession of a firearm charge (Counts 1 and 9) on April 8, 2014. (DE-22; DE-63, pp. 66-17)

Following preparation of a presentence investigation report (DE-40), timely objections by the Defendant (*see* DE-40, pp. 15-16), hearing argument from counsel and Mr. Wright's allocution (DE-62, pp. 9-14), the district court sentenced

2

Mr. Wright to concurrent terms of 78 months imprisonment, followed by concurrent terms of supervised release of three years. (DE-62, pp. 14-15; DE-51, pp. 1-3) Through counsel, Mr. Wright timely gave notice of appeal (DE-53) and now appeals to this Court.

**Statement of the Facts**

At Mr. Wright's plea proceeding, the government proffered some of what its evidence at trial would have shown, saying that on six different occasions between August 29 and November 5, 2012, a confidential informant (CI) purchased quantities of controlled substances, sometimes marijuana and other times cocaine from Mr. Wright. During the episode of the second drug transaction, the CI showed Mr. Wright pictures of firearms and asked if he would trade the CI cocaine for the guns. Mr. Wright indicated his willingness to do so. A similar conversation about exchanging guns for drugs and Mr. Wright's amenability to such a deal occurred during the episode of the third drug transaction. (DE-63, pp. 16-17)

On November 5, 2012, the CI brought Mr. Wright four ATF firearms with their firing pins removed, one of which was a fully-automatic AK-47 rifle, and gave Mr. Wright the bag containing the firearms. Mr. Wright handled each gun, and they were placed in a bag behind the bar. Law enforcement officers watching the building where the CI was meeting with Mr. Wright saw other people entering

3

the building, and so the officers entered it with a search warrant. Under a bar inside the building, they located a .44 caliber pistol on top of an insurance bill in Mr. Wright's name. (DE-63, p. 18)

Executing another search warrant at Mr. Wright's residence, officers seized six methadone pills, a handgun, a bag of marijuana, digital scales, and assorted ammunition. The firearms involved in the case had traveled in interstate commerce, and Mr. Wright had previously been convicted of an offense punishable by a term of imprisonment longer than one year. (DE-63, pp. 18-19)

On the basis of the colloquy with Mr. Wright and his counsel, his plea of guilty, and the government's proffer, the magistrate judge found that Mr. Wright was competent and capable of entering an informed plea, that his plea was knowingly and voluntarily made, and that each plea was supported by a factual basis meeting each of the essential elements of the offense charged in counts 1 and 9. (DE-63, p. 19)

A presentence investigation report (PSR) was prepared, and, on the basis of one scored sentence of 15 months custody for conviction of the state offense of possession of a firearm by a felon, it determined that Mr. Wright's criminal history category was II. *See* U.S.S.G. § 4A1.1(a). His PSR also reported an un-scored prior sentence, U.S.S.G. § 4A1.2(e)(4), for convictions of discharge of a weapon into occupied property and attempted common law robbery and two un-scored

4

driving and juvenile status offenses.  U.S.S.G. §§ 4A1.2(c)(1) and (2).  In addition, it reported two pending charges of DWI and communicating threats and numerous dismissed and acquitted charges.  (DE-40, pp. 7-9)

The probation office calculated his total offense level at 29, yielding an advisory guideline range of 97 to 121 months.  (DE-40, pp. 12, 13)  Mr. Wright timely objected to uncharged drug weights attributed to him by statements of two informants and to the PSR's four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for trafficking firearms.  (DE-43, pp. 4-7; DE-40, pp. 15-16)  The government joined the objection to the trafficking enhancement and declined to rely on the informants' statements attributing the uncharged drug weights against Mr. Wright.  Under the grouping rules, U.S.S.G. §§ 3D1.1-1.5, the scoring of U.S.S.G. § 2K2.1 controlled the guideline score, but the court not only sustained the guideline-affecting objection to the four-level trafficking enhancement but also the non-affecting objection to the drug weights.  (DE-62, pp. 3-4, 5, 7)  That lowered Mr. Wright's total offense level to 25, yielding an advisory guideline range of 63 to 78 months.  (DE-62, pp. 4, 9, 15-16)

In both his written sentencing memorandum and in argument at sentencing, relying on U.S.S.G. § 5H1.3 and 18 U.S.C. § 3553(a), counsel for Mr. Wright asked the district court to depart and vary from the guideline range and impose a sentence of 48 months.  He argued for that relief primarily on the basis of Mr.

5

Wright's childhood diagnosis of attention deficit hyperactivity disorder, for which medication was prescribed; his exposure to violence and trauma and consequent suffering of anxiety and panic attacks in 2012, for which medication was prescribed, and reported PTSD; and, even though the government did not deem it to rise to the level of substantial assistance, his cooperation with authorities in removing five firearms from the streets. (DE-43; DE-62, pp. 9-13, 16-17)

Mr. Wright's exposure to violence began at least as early as age 15, when he suffered a gunshot wound to his left hand. At 16 he was found unattended in an alley, having suffered multiple gunshot wounds, causing lasting pain and loss of feeling in his left leg and foot. When he was 24, he sustained a gunshot wound to the face, and at 25 he received multiple lacerations and stab wounds when he was attacked at a local club. (DE-43, pp. 2-3; DE-62, p. 11; DE-40, pp. 9-10) "Therefore," Mr. Wright's counsel asked,

> . . . upon consideration of Mr. Wright's history and circumstances, Your Honor, and his post-arrest cooperation with the Government, we purport that a 48 months sentence is sufficient but not greater than necessary to satisfy the sentencing objectives for Mr. Wright, and we would also request that he be considered for the most intensive drug rehabilitation program as well, Your Honor. Thank you. (DE-62, pp. 12-13)

After hearing Mr. Wright's allocution and the government's request for a sentence at the top of the guideline range (DE-62, pp. 13-14), the court announced its judgment:

6

> Okay. Well, I've considered the advice of the guidelines specifically and generally in this case. I need not find them reasonable, but I do in this case. I believe the guidelines capture the factors set forth in 18 United States Code Section 3553. There's no doubt that you present yourself as a very dangerous person. You've had multiple opportunities to reflect, to seriously reflect upon the consequences of your behavior, having been shot as many times as you've been shot, and stabbed, and it hasn't dissuaded you from a life of crime; in fact, a life of crime involving firearms.
>
> For these reasons, where there's also a compelling need to promote respect for the law, the Court moves to the high end of the guideline range. To the extent that there's a motion for a variance before the Court, that motion is denied. It's a sentence of 78 months that's a sentence that's sufficient but not greater than necessary to comply with the purposes of sentencing. ([DE-62](), pp. 14-15)

Mr. Wright timely gave notice of appeal ([DE-53]()) and now seeks relief from this Court.

## SUMMARY OF ARGUMENT

The court's factual characterization of Mr. Wright as "a very dangerous person" was not only unsupported but was contradicted by the record. Instead, the record showed that Mr. Wright had been the victim of repeated shootings and a stabbing. The court's reliance on that factually incorrect characterization of Mr. Wright impaired the court's exercise of its discretion in framing Mr. Wright's sentence and, thereby, caused the imposition of an unreasonable sentence on Mr. Wright.

7

# ARGUMENT

**WHERE MR. WRIGHT HAD BEEN SHOT "MANY TIMES" AND STABBED, THE DISTRICT COURT ERRED BY CHARACTERIZING HIM AS "A VERY DANGEROUS PERSON," DENYING HIS REQUEST FOR A SENTENCE OF 48 MONTHS IMPRISONMENT, AND SENTENCING HIM AT THE TOP OF HIS GUIDELINE RANGE TO A TERM OF 78 MONTHS IMPRISONMENT.**

### A.    Standard of Review

The district court's sentencing decision on the basis of 18 U.S.C. § 3553(a) shall be reviewed for "unreasonableness," *United States v. Booker*, 543 U.S. 220, 264, (2005) ("courts of appeals review sentencing decisions for unreasonableness"), which is the functional equivalent of reviewing for abuse of discretion. *Rita v. United States*, 551 U.S. 338, 361 (2007) ("Simply stated, *Booker* replaced the *de novo* standard of review required by 18 U.S.C. § 3742(e) with an abuse-of-discretion standard that we called 'reasonableness' review.") (Stevens, J. concurring). This Court shall review the district court's factual conclusions in sentencing decisions for clear error, *see, e.g., United States v. Cameron*, 573 F.3d 179, 184 (4th Cir. 2009), and whether Mr. Wright has waived his right to appeal is reviewed *de novo*. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005) ("Whether a defendant has effectively waived the right to appeal is an issue of law that we review de novo."). Because no objection to the factual characterization to be raised in the following discussion was raised below, however, this Court may determine that plain error

8

review is more appropriate. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 736 (1993).

**B.    Discussion**

Before examining the merits, it must be admitted that Mr. Wright's plea agreement contained an appeal waiver. (DE-63, p. 14; DE-24, pp. 1-2) Such appeal waivers are generally enforceable. *See, e.g., United States v. Blick*, 408 F.3d 162 (4th Cir. 2005). In exercising its own independent judgment under *Anders*, however, this Court may review the issue presented and determine whether it merits relief for Mr. Wright.

The court's primary reliance on the characterization of Mr. Wright as "a very dangerous person" appears in the opening paragraph announcing the judgment, expressing "no doubt" that Mr. Wright showed himself to be "a very dangerous person." (DE-62, p. 14) That factual characterization was based on Mr. Wright's "having been shot as many times as [he had] been shot, and stabbed." (DE-62, p. 15) In short, the court grounded its characterization of him as "a very dangerous person" on the fact that other people had shot and stabbed him. Being shot or stabbed by others does not make the victim the dangerous person; if anything, it makes the victim a vulnerable person.

The only reliable indication that Mr. Wright had once himself been an aggressor, rather than a victim, was in the un-scored prior sentence for discharge of

9

a weapon into an occupied property and common law robbery. The underlying conduct in that matter reportedly included Mr. Wright's "discharge[ing] a firearm into a vehicle occupied by Kaci Lyntay Gibson" and then "robb[ing] Gibson of $1.00." (DE-40, p. 7) But that conduct was in 2003, when Mr. Wright was 16 years old. As he himself said in his allocution, "[Y]es, I have a past history, but if you look, you will see that it has been a while since I've been in any real trouble." (DE-62, p. 13) And he was correct, for his only scored prior sentence was in 2004—ten years before his sentencing hearing—, a North Carolina conviction for possession of a firearm by a felon (DE-40, p. 7), a non-violent offense. *See* 18 U.S.C. § 16 (defining "crime of violence"); *cf.* U.S.S.G. § 4B1.2, comment. (n. 1 ("'Crime of violence' does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a).").

Given the fact that, taking everything into consideration that it needed to consider, the district court concluded that a sentence at the top of the guideline range was sufficient but not greater than necessary to achieve the purposes of sentencing for Mr. Wright, it cannot be said that the court's factual mischaracterization of him as a "very dangerous person," when the facts reported by the PSR and found credible by the court (*see* DE-62, p. 15) tended rather to show him as a repeated victim of others' aggression against him with dangerous

weapons, did not affect his sentencing outcome. Had the court not relied, in the first place, on that erroneous factual characterization in framing its sentence, it probably would have been more likely to grant the requested variance, even if not as great as requested, or, if not, at least to sentence Mr. Wright below the top of the guideline range of 78 months.

Consequently, Mr. Wright respectfully asks this Court to vacate his sentence and remand for a new sentencing proceeding in which the district court's discretion is not affected to Mr. Wright's disadvantage by the erroneous factual characterization of him as a "very dangerous person," a characterization that is contradicted by the record.

## CONCLUSION

On the basis of the preceding facts, authorities, and arguments, the Defendant respectfully requests the following relief: That this Court vacate his sentence and remand for resentencing.

Respectfully submitted, this the 11th day of July 2014.

        CHESHIRE PARKER SCHNEIDER
        & BRYAN, PLLC


        /s/ John Keating Wiles

        John Keating Wiles
        N.C. State Bar # 22379
        133 Fayetteville Street
        P. O. Box 1029
        Raleigh, NC 27602
        (919) 833-3114 (TEL)
        (919) 832-0739 (FAX)
        CJA Counsel

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this Appellant's brief contains <u>2,538</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportionally typeface using <u>Microsoft Word</u> <u>14 point in Times New Roman</u>.

                                            <u>/s/ John Keating Wiles</u>
                                            Counsel for Appellant

Dated: July 11, 2014

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 11, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Jennifer P. May-Parker
> OFFICE OF THE U.S. ATTORNEY
> 800 Federal Building
> 310 New Bern Avenue
> Raleigh, NC 27601-1461
>
> *Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

> Ernest Joshon Wright
> Register No. 56920-056
> FCI Fort Dix
> Federal Correctional Institution
> P.O. Box 2000
> Fort Dix, NJ 08640

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

> /s/ Karen R. Taylor
> Karen R. Taylor
> GIBSON MOORE APPELLATE SERVICES, LLC
> 421 East Franklin Street, Suite 230
> Richmond, VA  23219